IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL WALKER,

    Plaintiff,

vs.

K. CLEMENT, et al.,

    Defendants.

No. CIV S-04-1671 GEB KJM P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

Plaintiff is a state prisoner proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment.[1] Plaintiff has filed a motion to compel discovery.

/////
/////
/////
/////

---

[1] On May 13, 2005, the court ordered that service of process was appropriate for defendants Clement, Davidge, Simmerson, Stevens and Trullinger under 28 U.S.C. § 1915A(b), and only with respect to plaintiff's Eighth Amendment claims against those defendants. The court did not find that service of process was warranted with respect to plaintiff's Fourteenth Amendment or state law claims, which is why the court will not address defendants' argument that they are entitled to summary judgment with respect to those claims. Mot. at 8:19-9:14.

1

I. Summary Judgment

    A. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

1  On June 8, 2005, the court advised plaintiff of the requirements for opposing a
2  motion under Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d
3  952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry,
4  849 F.2d 409 (9th Cir. 1988).

     B. Plaintiff's Allegations

Plaintiff alleges as follows in his August 16, 2004 complaint, which is signed under the penalty of perjury.  On January 20, 2004, defendant Clement ordered another correctional officer to open plaintiff's cell so that defendants Clement, Davidge, Simmerson, Trullinger and Stevens could enter.  When defendants entered, plaintiff had just awakened from a heavy sleep induced by medication plaintiff takes for mental illness.  After Clement entered, he ordered plaintiff to his knees.  Plaintiff did not provoke defendants.  Plaintiff yelled to the defendants that they were violating procedure by entering plaintiff's cell.  Clement and Davidge then attacked plaintiff.  Clement attempted to place plaintiff in a head lock and choke-hold.  Clement also punched plaintiff in the mouth and Davidge punched plaintiff in the body.  Plaintiff did not fight back.  Defendant Simmerson used pepper spray against plaintiff during this incident.  Simmerson disregarded the fact that plaintiff has severe asthma.  Defendants Trullinger and Stevens failed to stop Clement, Davidge and Simmerson.  After plaintiff was placed in handcuffs, defendants Clement, Davidge and Simmerson stepped on plaintiff's back and kicked him several times.

As a result of defendants' actions, plaintiff suffered the following injuries:

1. Abrasion to the right side of his face, his left shoulder and both knees;

2. A swollen lip; and

3. Extreme pain in his back and spine for which plaintiff was prescribed pain medication.

Compl. at 6:10-10:19.

/////

1    On May 13, 2005, the court found that plaintiff's allegations state claims for relief
under the Eighth Amendment of the United States Constitution.

   C.   Defendants' Arguments And Analysis

       1. <u>Excessive Force</u>

   Defendants argue that defendants Clement, Davidge and Simmerson are entitled to summary judgment with respect to plaintiff's Eighth Amendment claims against them.

   The Eighth Amendment prohibits prison officials from wantonly and unnecessarily inflicting pain on prisoners. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). Plaintiff has presented evidence in his verified complaint that defendants Clement, Davidge and Trullinger violated plaintiff's right to be free from excessive force by inflicting pain upon him without any justification. As noted above, plaintiff alleges Clement, Davidge and Trullinger punched plaintiff, exposed plaintiff to pepper spray, stepped on plaintiff and kicked him. Defendants present evidence that their acts of violence were provoked by plaintiff, and argue that there is no evidence before the court to show that defendants acted maliciously or sadistically. <u>See</u> Mot., Ex. A. Defendants' evidence consists of incident reports memorializing their account of what happened on January 20, 2004, and medical records documenting plaintiff's injuries. <u>Id</u>. Plaintiff's deposition transcript, also provided, <u>id.</u>, Ex B, contains no testimony by plaintiff that concedes that defendants' version of what happened on January 20th, as relevant to this case, is correct.

   Thus, there is a genuine issue of material fact with respect to whether the force used upon plaintiff was legally justified and did not amount to a violation of the Eighth Amendment. Defendants are not entitled to summary judgment with respect to plaintiff's Eighth Amendment claims against Clement, Davidge and Trullinger.

   Nor are defendants Clement, Davidge and Trullinger entitled to immunity from plaintiff's Eighth Amendment claims at this point in the case as also suggested by defendants. <u>See</u> Mot. at 9:16-11:2. Government officials performing discretionary functions generally are

5

shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, defendants were on prior notice that they could not wantonly and unnecessarily inflict pain on plaintiff as a result of the Supreme Court's decision in the Whitley case; the genuine issue of material fact as to whether such infliction of pain occurred precludes a grant of immunity here.

### 2. Failure To Protect

Plaintiff alleges that defendants Trullinger and Stevens failed to protect him from the actions of the other defendants. The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834.

Defendants' only argument with respect to plaintiff's failure to protect claims is that because the actions of Clement, Davidge and Simmerson were justified, there was no reason for Trullinger and Stevens to protect plaintiff from their colleagues' actions. In light of the fact that the record discloses a factual dispute as to whether Clement, Davidge and Simmerson acted with justification, this argument should be rejected. Despite defendants' argument to the contrary, defendants Trullinger and Stevens also are not immune from suit under the doctrine of qualified immunity given that Farmer v. Brennan was well-established law long before the events underlying the instant complaint occurred.[2]

---

[2] In their reply, defendants argue they should be granted summary judgment because plaintiff failed to comply with Local Rule 56-260(b) by not submitting a proper statement of undisputed facts. Reply at 2:14-22. Defendants fail to cite any authority for the proposition that the court has discretion to grant defendants summary judgment for plaintiff's failure to comply with this rule. In any case, the court declines to recommend that defendants be granted summary judgment for such a rules violation because the record before the court does not demonstrate that

    D. Conclusion

        For all the foregoing reasons, the court will recommend that defendants' motion for summary judgment be denied.

II. Plaintiff's Motion To Compel

        Plaintiff asks that the court compel defendants to produce documents based on two requests to produce.

    A. Request To Produce #1

        Request to produce #1 reads as follows, in verbatim transcription:

> You are requested to produce all staff complaints on defendants Clement, Davidge, Simmerson, Stevens, Trullinger, filed on them in addition to all regular inmate's 602 appeal grievance alleging racial assaults, cell extraction; and failure to stop racial intimidation or assault, or any racial harassment and racial targeting of any blacks at (H.D.S.P). Include any adverse actions or discipline imposed any defendants while employed at (H.D.S.P) and all written response to all complaint. Also include any and all written internal opinions; or findings of fact reached by (H.D.S.P) as a result of any and all investigations at (H.D.S.P) Submit all internal documents compiled as a result of any completed investigation by (H.D.S.P) based on racial allegations of any racial assault, cell extraction, threats of racial assault, intimidation based on race and harassment based on race. . .

Mot. at 21:27-22:23.

        Defendants argue, among other things, that plaintiff's request is overbroad and that plaintiff seeks documents that are not likely to lead to the discovery of admissible evidence. Mot. at 31:17-28; Opp'n at 4:14-23.[3] For the most part, these objections are well taken. However, the court will order defendants to submit to the court, for in camera review, all

---

dismissal is warranted, particularly in this pro se case. Cf. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (reviewing standards applicable to dismissal, including in pro se cases).

   [3] Defendants also argue that they should not have to turn over documents that are privileged under California law. In federal court, however, documents will only be deemed privileged, and therefore not discoverable, if the documents are privileged under federal law. Fed. R. Evid. 501. Defendants make no argument that any document sought by plaintiff is privileged under federal law.

7

1 documents maintained by defendants indicating that any defendant in this action was either
2 involved in, or allegedly involved in the use of excessive force against an inmate. To the extent
3 plaintiff seeks documents other than these, plaintiff seeks documents that are not likely to lead to
4 the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

   B. Request To Produce #2

   Request to produce #2 reads as follows, in verbatim transcription:

   > You are to provide Plaintiff with High Desert State Prison;
   > operations procedure # 0-P-118; specially dealing with excessive
   > use of force; tactical cell extraction. All data should be provided in
   > full and in a separate binder and in chronological order and
   > sequentially numbered.

Mot. at 23:5-11.

   Defendants, citing a number of objections, refused to turn over any documents in response to this request. Id. at 32:6-15.

   Plaintiff asks that the court compel defendants to turn over the document described in request #2 because it is "highly relevant to plaintiff's case," without exactly describing how it is relevant. Mot. at 14:2-24. Plaintiff does reference several exhibits in support of his position, including an Exhibit E, which is a second level response to a grievance plaintiff filed; the second page of the response indicates that defendant Clement was found to have violated departmental policy, although he was determined not to have used unnecessary and unreasonable force. Id. at 46. Plaintiff does not assert that the document requested authorizes the kind of unprovoked and unnecessary force as plaintiff alleges occurred in this case, but does say it is needed "to support" the information contained in Exhibit E, among other exhibits. Mot. at 14:16-20.

   Defendants argue that the procedure requested relates to cell extraction tactics only, not excessive force policy, and in any case contains sensitive information because it discloses procedures used to extract inmates from cells; if disclosed to the inmate population, the information could be used to frustrate extraction efforts and to anticipate correctional officers'

maneuvers in a cell in a manner that could increase the risk of harm to both inmates and officers. Opp'n at 7:4-11. Defendants do not suggest that, if the allegations in plaintiff's complaint are proven, defendants would somehow be absolved of liability based on what is in the procedure plaintiff seeks.

Assuming the requested procedure conforms to defendants' description, it is likely this court will exercise its discretion to deny plaintiff's motion to compel the document. Before making a final determination, however, the court will order defendants to submit to the court, for in camera review, a complete copy of Operations Procedure # 0-P-118. Cf. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

III. Motion To Continue

The parties have asked that the dates established for the filing of pretrial statements, pretrial conference and trial be vacated and new dates be established. Good cause appearing, the court will vacate the dates requested; those dates will be re-scheduled, if necessary, after the district judge assigned to this case rules on plaintiff's motion for summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 23, 2005 motion to compel discovery is granted in part and denied in part as follows:

    A. Within fifteen days of this order, defendants shall provide to the chambers of the undersigned, for in camera review, all documents maintained by defendants indicating that any defendant in this action either has been involved in, or allegedly involved in, the use of excessive force against an inmate, as well as a complete copy of Operations Procedure # 0-P-118 in effect on January 20, 2004.

    B. Plaintiff's motion is denied in all other respects.

/////

2. Plaintiff's May 15, 2006 motion to continue is granted. The dates established in the court's September 2, 2005 scheduling order for the filing of pretrial statements, pretrial conference and trial are vacated. Those dates will be re-established, if necessary, after the district judge assigned to this case rules on defendants' pending motion for summary judgment.

IT IS HEREBY RECOMMENDED that defendants' February 24, 2006 motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
walk1671.57