IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL WALKER,

    Plaintiff,                            No. CIV S-04-1671 GEB KJM P

    vs.

K. CLEMENT, et al.,                ORDER AND

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Three matters are before the court.

1. <u>Plaintiff's December 4, 2006 Motion For Sanctions</u>

        Plaintiff asks that defendants be sanctioned for failing to timely comply with this court's October 31, 2006 order. In light of defendants' opposition to the motion, which indicates defendants did not actually receive the court's October 2006 order until they received plaintiff's sanctions motion, the court does not find cause for sanctions. Plaintiff's motion will be denied.

/////

/////

/////

/////

1

2. <u>Defendants' January 26, 2007 Motion To Dismiss</u>

On October 31, 2006 the court ordered defendants to turn over to plaintiff certain documents the court had reviewed <u>in</u> <u>camera</u>. Plaintiff was ordered with respect to the documents, in pertinent part:

> Plaintiff shall not divulge the contents of any of these documents except to: (a) the court, court personnel, and stenographic reporters engaged in proceedings as are directly related to preparation for trial in this action; and (b) witnesses during or in preparation for a deposition taken in this matter otherwise during the preparation for trial and trial. . .
>
> Plaintiff shall not make copies of the confidential material produced as ordered above except as necessary for purposes of this litigation.

In their January 26, 2007 motion to dismiss, defendants argue and present evidence indicating that plaintiff violated the terms of the October 31, 2006 order by, among other things, sending copies of documents protected by the order to an attorney representing plaintiff in a separate criminal matter. In his opposition to the motion, plaintiff admits forwarding copies of the documents to the criminal defense attorney identified by defendants. Opp'n at 7-9. Plaintiff attempts to justify his actions by pointing to the language in a proposed order that was not signed and by protesting that his communications with the defense attorney should be kept confidential. Plaintiff's finagling notwithstanding, the court's instructions were clear. The record also is clear that plaintiff willfully violated the court's order.

Defendants ask that this action be dismissed. "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir.), <u>cert.</u> <u>denied</u>, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less

drastic alternatives.'" Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The court has considered all of the above factors. Factor (1) does not weigh in favor or against dismissal in this instance. Factor (2) weighs in favor of dismissal, because plaintiff's readiness to disobey a court order undermines the court's ability to manage the docket in this case. Factor (3) also weighs in favor of dismissal because defendants will be prejudiced, as they assert, by litigating a case against a party that believes it is acceptable to not play by the rules. Of course, factor (4) always weighs against dismissal. With regard to factor (5), evidentiary sanctions, such as a jury instruction concerning plaintiff's conduct, are not certain to be effective because plaintiff's violation of a protective order covering documents that may or may not be relevant to the issues ultimately addressed at trial does not necessarily imply anything to a trier of fact. Crafting such an instruction would be a challenge in itself, if the trial court continued to approve protections for the sensitive information contained in the documents covered by the October 31 order. While such an instruction might reflect poorly on plaintiff's credibility, the trier of fact already will have cause to question plaintiff's credibility by virtue of the fact that he is in prison. A sanction limiting discovery in some manner would not be appropriate because discovery is complete. A large fine might be a less drastic alternative to dismissal but that is not practical here because plaintiff is a prisoner proceeding in forma pauperis. In light of all of the circumstances related to defendants' motion, plaintiff's conduct demands a stiff penalty; the only sanction practically available to the court befitting plaintiff's deliberate misconduct is dismissal.

Therefore, the court will recommend that this action be dismissed. Plaintiff also will be ordered to return to defendants all materials provided to plaintiff by defendants pursuant to the court's October 31, 2006 order and any copies plaintiff made of the materials, to the extent such materials are still in his possession, custody or control. Within five days of service of this order, plaintiff shall provide defendants with an affidavit certifying under penalty of perjury that

3

he has complied with the above.

Plaintiff's criminal lawyer, Tom Clute, will be served a copy of this order. Mr. Clute will be ordered to turn over to defendants, within five days, all copies of any materials covered by the October 31, 2006 order in his possession, custody or control.

3. <u>Plaintiff's January 31, 2007 Motion For A Preliminary Injunction</u>

In this motion, plaintiff apparently seeks the return of documents originally provided to him by defendants pursuant to the court's October 31, 2006 order; defendants subsequently retrieved the documents and sequestered them pending resolution of their pending motion to dismiss. Plaintiff no longer needs the documents for purposes of this action, and the court has determined the documents should be permanently returned to defendants, because plaintiff has shown he will not abide by the order of the court concerning the manner in which plaintiff may use, possess and disseminate the materials. His motion should be denied.

4. <u>Plaintiff's July 17, 2007 Motion To Dismiss</u>

Plaintiff has moved to dismiss defendants' motion to dismiss. Because defendants' motion is properly filed and should be granted, plaintiff's motion should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 4, 2006 motion for sanctions is denied.

2. Within five days of service of this order, plaintiff shall surrender to defendants, or their designee, all materials provided to him by defendants pursuant to the court's October 31, 2006 protective order and any copies plaintiff made of the materials. Plaintiff shall provide defendants with an affidavit signed under the penalty of perjury indicating plaintiff has returned to defendants all materials provided to plaintiff pursuant to the court's October 31, 2006 order along with any copies in plaintiff's possession, custody or control.

3. The Clerk of the Court is directed to serve a copy of this order on Tom Clute, 2611 Esplanade, Chico, CA, 95973.

1          4. Within five days of service of this order, Mr. Clute shall return to defendants, or their designee, any materials in Mr. Clute's possession, custody or control that are covered by this court's October 31, 2006 order along with any copies of the material made by Mr. Clute.

           IT IS HEREBY RECOMMENDED that:

           1. Defendants' January 26, 2007 motion to dismiss be granted.

           2. Plaintiff's January 31, 2007 motion for a preliminary injunction be denied.

           3. Plaintiff's July 17, 2007 motion to dismiss be denied.

           4. This action be dismissed with prejudice.

           These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2007.

_____
U.S. MAGISTRATE JUDGE

1
walk1671.57